1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN (State Bar No. 189268)
2  T. KENNEDY HELM (State Bar No. 282319)
   MAYA SORENSEN (State Bar No. 250722)
3  HADDAD & SHERWIN LLP
4  505 Seventeenth Street
   Oakland, California  94612
5  Telephone: (510) 452-5500
   Facsimile:   (510) 452-5510
6
7  Attorneys for Plaintiffs Ross Sanders, Donna Sanders,
   Danielle Erin Nielsen, Ab. S., Ad. S., E.S., and L.S.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12  ROSS SANDERS, Individually; DONNA        )    No: 2:17-cv-01040-WBS-CMK
    SANDERS, Individually; DANIELLE          )
13  ERIN NIELSEN, Individually and as co-    )    Hon. William B. Shubb
    Successor in Interest for Decedent LUKE  )
14  SANDERS; and Ab. S., Ad. S., E.S., and   )    **JOINT STATUS REPORT**
    L.S., all minors, through their mother and )
15  Next Friend DANIELLE ERIN                )    Date: September 25, 2017
    NIELSEN, Individually and as co-         )    Time: 1:30 p.m.
16  Successors in Interest for Decedent LUKE )    Place: Courtroom 5
    SANDERS,                                 )
17                                           )
18             Plaintiffs,                   )
    vs.                                      )
19                                           )
    COUNTY OF SISKIYOU, a public entity;     )
20  SISKIYOU COUNTY SHERIFF'S                )
    DEPUTY JOHN ZOOK; SISKIYOU               )
21  COUNTY SHERIFF'S DEPUTY JUAN             )
    RUIZ; and DOES 1–10, Individually,       )
22  Jointly and Severally,                   )
23                                           )
               Defendants.                   )
24  _____ )

25

26

27

28

Pursuant to this Court's "Order Re: Status (Pretrial Scheduling) Conference" (Doc. 3), the parties hereby submit the following Joint Status Report. Pursuant to ¶ 6 of the Court's Order Re: Status (Pretrial Scheduling) Conference, the parties request that they be allowed to appear at a status conference (currently scheduled for September 25, 2017 at 1:30 p.m.).

**a.   Brief Summary of the Claims**

This is a civil rights, wrongful death, and survival action arising from the death of Luke Sanders, Deceased, on or about May 17, 2016, on Highway A-12 at about Mile Marker # 4 in the County of Siskiyou, California. Defendants Zook and Ruiz, Siskiyou County Sheriffs' Deputies, shot and killed him.[1] This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794 and 794a *et seq.*; 42 U.S.C. §§ 2000d-7 and 12202; and the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California, including but not limited to California Civil Code §§ 52.1 and 52, and California common law. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

**b.   Statement as to the Status of Service upon All Defendants:**

All Defendants have been served, and Plaintiffs filed proofs of service thereto. (*See* Docs. 8–10).

**c.   A Statement as to the Possible Joinder of Additional Parties:**

The parties do not anticipate joining any additional parties.

**d.   Any Contemplated Amendments to the Pleadings:**

Plaintiffs may seek to substitute DOE Defendants with named Defendants after an opportunity for discovery and depositions of potentially involved officers. Plaintiffs propose that

---

[1] Plaintiffs' alleged facts may be found at ¶¶ 24–39 of the Complaint (Doc. 1).

1   that they may file a First Amended Complaint within ninety days after Defendants serve responses

2   to Plaintiffs' Request for Production of Documents and Things (Set One).

3              e.        **The Statutory Basis of Jurisdiction and Venue:**

4              Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), because this action is

5   brought pursuant to: 42 U.S.C. §§ 1983 and 1988; Title II of the Americans with Disabilities Act

6   ("ADA"), 42 U.S.C. §§ 12132 *et seq.;* § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794

7   and 794a *et seq.*; 42 U.S.C. §§ 2000d-7 and 12202; and the First, Fourth, and Fourteenth

8   Amendments to the United States Constitution. Because a substantial part of the events and/or

9   omissions complained of herein occurred in Siskiyou County, California, venue is proper in the

10  Sacramento Division of the United States District Court for the Eastern District of California.

11             f.        **Report Outlining the Proposed Discovery Plan Required by Federal Rule of**

12  **Civil Procedure 26(f):**

13             The parties conducted their Rule 26(f) conference by phone on July 21, 2017, and the parties

14  have agreed to serve initial disclosures, as required by Federal Rule of Civil Procedure 26, on or

15  before September 15, 2017.  The parties will enter into a stipulated protective order for confidential

16  documents so that the parties may designated as confidential certain documents, such as peace

17  officer personnel files.

18             The parties propose the following modification of the discovery rules: the parties request,

19  under Fed. R. Civ. P. 30(a)(2)(A), to expand the number of depositions to up to 20 per side, with 10

20  depositions of up to seven hours each, as provided by Federal Rule of Civil Procedure 30(d)(1), and

21  10 depositions of up to 3 hours each.  This expansion in the number of depositions is appropriate

22  because of the number of plaintiffs and defendants, as well as an unusual number of percipient

23  witnesses and first responders.  The parties request that they be allowed to stipulate to further

24  depositions if deemed necessary.

25             Plaintiffs propose, and Defendants will agree to the extent reasonably possible, that the

26  parties Bates number all documents produced, including their Initial and Supplemental Disclosures.

27

28

The parties agree to produce electronically stored information (including, but not limited to, digital photos, videos, and audio recordings) in its native format, to the extent reasonably possible, and "in a form or forms in which it is ordinarily maintained[.]"  Fed. R. Civ. P. 34(b)(E)(ii), and will meet and confer regarding any issues relating to specific ESI.

The deadlines for discovery and expert reports may be altered only by order of the Court or by written stipulation of all parties.

All other discovery is to be conducted pursuant to the Federal Rules of Civil Procedure.  The parties propose the following dates:

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Early Settlement Conference Before a Magistrate Judge | March, 2018 | May, 2018 |
| Non-Expert Discovery Cutoff | June 15, 2018 | August 15, 2018 |
| Expert Disclosures Due | June 22, 2018 | October 15, 2018 |
| Supplemental Expert Disclosures Due | July 7, 2018 | November 15, 2018 |
| Last Day to File Dispositive Motions | July 1, 2018 | January 15, 2019 |
| Expert Discovery Cutoff | December 15, 2018 | December 15, 2018 |
| Pretrial Filings Due | January 21, 2019 | March 1, 2019 |
| Final Pretrial Conference | February 4, 2019 | April 15, 2019 |
| Trial | March 4, 2019 | May 15, 2019 |

The parties disagree concerning the date for filing dispositive motions.  Plaintiffs contend that the last date to file dispositive motions should be on July 1, 2018, or in any event well before the expert discovery cutoff, in order to save attorneys' fees and costs, given that completing costly expert discovery, including expert depositions, is not necessary for summary judgment purposes

Defendants contend the court and all parties would benefit from a thorough pre-trial challenge to plaintiffs' multiple theories of liability brought under 42 U.S.C. § 1983, the California Survival and Wrongful Death provisions, the California Bane Act, the Americans with Disabilities

Act, and the Rehabilitation Act.  Defendants need adequate time after the close of discovery, including the close of expert discovery, to properly research and plead their dispositive motions. Plaintiffs' proposed cutoff date for dispositive motions leaves defendants with only ten (10) working days between the end of non-expert discovery and the last day to file dispositive motions. This imposes an unnecessary and unfair hardship on defendants' ability to dispose of some, if not all of plaintiffs' claims for relief in advance of trial.  Plaintiff's concede this is a complicated case requiring the testimony of multiple experts in subparagraph "j.".

**g.      Proposed Cut-off Date by Which All Discovery Shall Be Concluded**

Please see above chart.

**h.      Proposed Date by Which All Motions Shall be Filed and Heard**

Please see above chart

**i.      Any Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action**

The parties do not propose any modifications of the standard pretrial proceedings.

**j.      Estimated Length of Trial:**

Because this is a complicated civil rights and wrongful death case with multiple plaintiffs and defendants, and several medical and law enforcement issues requiring expert testimony, jury trial is expected to take approximately 20 court days.

**k.      Statement as to whether the case is related to any other case, including any matters in bankruptcy:**

The parties agree that this case is not related to any other case.

**l.      Any other matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter**

Plaintiffs and Defendants seek a settlement conference after the parties have conducted paper discovery and taken the parties' depositions, but before the parties have incurred the expense of dispositive motion practice or substantial expert discovery.  The parties disagree on the date for this settlement conference.

**m.**     <u>A statement by any nongovernmental corporate party identifying all of its</u>

<u>parent and subsidiary corporations and listing any publicly held company that owns 10% or</u>

<u>more of the party's stock</u>

The parties agree that there is no corporate party to this action.


DATED: September 11, 2017                    HADDAD & SHERWIN LLP

                                             /s/ T. Kennedy Helm
                                             _____
                                             T. KENNEDY HELM
                                             Attorneys for Plaintiffs ROSS SANDERS,
                                             Individually; DONNA SANDERS, Individually;
                                             DANIELLE ERIN NIELSEN, Individually and as co-
                                             Successor in Interest for Decedent LUKE SANDERS;
                                             and Ab. S., Ad. S., E.S., and L.S., all minors, through
                                             their mother and Next Friend DANIELLE ERIN
                                             NIELSEN, Individually and as co-Successors in
                                             Interest for Decedent LUKE SANDERS

DATED: September 11, 2017                    LAW OFFICE OF JAMES A. WYATT


                                             /s/ James A. Wyatt*
                                             _____
                                             JAMES A. WYATT
                                             Attorney for Defendants COUNTY OF SISKIYOU, a
                                             public entity; SISKIYOU COUNTY SHERIFF'S
                                             DEPUTY JOHN ZOOK; SISKIYOU COUNTY
                                             SHERIFF'S DEPUTY JUAN RUIZ

*Mr. Wyatt provided his consent that this document be electronically filed.

<u>(PROPOSED) ORDER</u>

By stipulation and agreement of all parties to this action, this Court hereby adopts the Joint

Status Report as its Status (Pretrial Scheduling) Order in this action.

**IT IS SO ORDERED.**


DATED: _____                  _____
                                            HON. WILLIAM B. SHUBB
                                            SENIOR UNITED STATES DISTRICT
                                            COURT JUDGE