UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROSS SANDERS, Individually; DONNA SANDERS, Individually; DANIELLE ERIN NIELSEN, Individually and as co-Successor in Interest for Decedent LUKE SANDERS; and Ab. S., Ad. S., E.S., and L.S., all minors, through their mother and Next Friend DANIELLE ERIN NIELSEN, Individually and as co-Successors in Interest for Decedent Luke Sanders, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SISKIYOU, a public entity; SISKIYOU COUNTY SHERIFF'S DEPUTY JOHN ZOOK; SISKIYOU COUNTY SHERIFF'S DEPUTY JUAN RUIZ; and DOES 1-10, Individually, and Jointly and Severally, <br><br> Defendants. | Civ. No. 2:17-01040 WBS CMK |

----oo0oo----

1

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September, 25, 2017, and makes the following findings and orders without needing to consult with the parties any further.

I. SERVICE OF PROCESS

The named defendants have been served, and no further service is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II. JOINDER OF PARTIES/AMENDMENTS TO PLEADINGS

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. §§ 1331, 1343, because plaintiffs assert claims arising under 42 U.S.C. §§ 1983 and 1988; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*; § 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 and 794a *et seq.*; 42 USC §§ 2000d-7 and 12202; and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction is predicated upon 28 U.S.C. § 1367. Venue is undisputed and hereby found to be proper.

IV. DISCOVERY

The parties agreed to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later

than September 15, 2017.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by June 22, 2018.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Rule 26(a)(2) by July 23, 2018.

All other discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by August 22, 2018.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 22, 2018.

According to Federal Rule of Civil Procedure 30(a)(2)(A), parties may take up to ten depositions unless they enter into a stipulation or obtain leave of court to take more. Here, the parties state that an increase in the number of depositions is appropriate because of the number of plaintiffs, defendants, witnesses, and first responders.  The parties agree that each party shall be permitted to take twenty depositions.

Under Federal Rule of Civil Procedure 30(d)(1), "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  The parties agree

that each party shall be permitted to take ten depositions of up to seven hours each, and ten depositions of up to three hours each.

## V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before October 15, 2018. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for January 14, 2019, at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

4

In providing the plain, concise statements of
undisputed facts and disputed factual issues contemplated by
Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
that remain at issue, and any remaining affirmatively pled
defenses thereto.  If the case is to be tried to a jury, the
parties shall also prepare a succinct statement of the case,
which is appropriate for the court to read to the jury. (feb 28
             VII.  TRIAL SETTING
             A jury trial is set for March 5, 2019 at 9:00 a.m. The
parties estimate that trial will last 20 days.
             VIII.  SETTLEMENT CONFERENCE
             A Settlement Conference will be set at the time of the
Pretrial Conference.  All parties should be prepared to advise
the court whether they will stipulate to the trial judge acting
as settlement judge and waive disqualification by virtue thereof.
             Counsel are instructed to have a principal with full
settlement authority present at the Settlement Conference or to
be fully authorized to settle the matter on any terms.  At least
seven calendar days before the early Settlement Conference
counsel for each party shall submit a confidential Settlement
Conference Statement for review by the settlement judge.  If the
settlement judge is not the trial judge, the Settlement
Conference Statements shall not be filed and will not otherwise
be disclosed to the trial judge.
             IX.  MODIFICATIONS TO SCHEDULING ORDER
             Any requests to modify the dates or terms of this
Scheduling Order, except requests to change the date of the
trial, may be heard and decided by the assigned Magistrate Judge.

All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: September 20, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE